**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0794n.06
Filed: September 16, 2005

No. 05-1284

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHRISTOPHER CHARLES WOOD, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, MOORE and SUTTON, Circuit Judges

**MERRITT, Circuit Judge.**  This is a single issue appeal concerning defendant's

sentence of 156 months after he pled guilty to armed bank robbery.  At the sentencing hearing,

defendant's counsel requested a sentence below the applicable Guideline range for a "career

offender" under the Federal Sentencing Guidelines, § 4B1.1 (requiring that defendant have "at least

two prior felony convictions of either a crime of violence or a controlled substance offense").  The

parties agree that this provision is applicable and provides a sentencing guideline range of between

151 and 188 months, although after *United States v. Booker*, 125 S. Ct. 738 (2005), the Guidelines

are advisory only.  The government argued for a sentence within the Guideline range in response

to the defendant's argument for a sentence below the Guideline range.  The defendant asserts on

appeal that the government's argument was a material breach of the plea agreement between the

parties because the plea agreement states that "the United States also agrees not to oppose any argument offered by the defendant that his sentence should be the lowest permissible under the applicable sentencing guideline range." The plea agreement does not prohibit the government from arguing against a sentence below the "applicable guideline" range. The agreement does not prohibit the government, therefore, from arguing in opposition to the defendant's argument for a sentence below the applicable guideline range.

In view of the fact that the parties agreed with the pre-sentence report that the applicable Guideline range was between 151 and 188 months, and in view of the fact that the government complied with the agreement and did not oppose an argument for a sentence at the low end of the applicable sentencing guideline range, we conclude that there is no basis for vacating or setting aside the sentence imposed by the District Court. The defendant did not explicitly argue for a sentence at the low end of the applicable Guideline range, but rather argued for a sentence below the applicable Guideline range. Hence, we find no violation of the plea agreement.

Accordingly, the judgment of the District Court is AFFIRMED.